**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **REGINALD D. WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:06CV067MLM** |
| | ) | |
| **CMS MEDICAL SERVICES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motions to Dismiss filed by Defendants Samuel J. Simon, Eugene Stubblefield, James Murphy, CMS Medical Services, and Unknown Hallazgo. Doc. 10, Doc. 22, Doc. 26. Plaintiff filed a Response.[1] Doc. 29. Defendants Simon Stubblefield, and Murphy filed a Reply.[2] Doc. 30. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 28.

## LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett

---

[1] Plaintiff titled his response to the Motions to Dismiss as "Answer." Applying a liberal construction to this pro se pleading the court will address this document as a timely response to the Motions to Dismiss. See McNally v. Pulitzer Pub. Co., 532 F.2d 69, 73 n.3 (8th Cir. 1999) (holding that a liberal construction should be applied to a pro se complaint).

[2] Defendants CMS Medical Services and Hallazgo have not filed a timely Reply.

v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). . A civil rights complaint falls short of meeting "the liberal standard for notice pleading" when it is "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability." Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995). "At the very least" a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." Id. at 671.

**DISCUSSION**

In his Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, Plaintiff alleges that the named Defendants and the City of St. Louis Department of Public Safety did not follow court orders regarding Plaintiff's medical care for a broken jaw; that on October 17, 2005, the Honorable Iris G. Ferguson ordered that Plaintiff have "immediate care of surgery, transportation, med[ication] and any follow-up app[ointments]"; that the Honorable Timothy J. Wilson issued an order on May 18, 2006, regarding Plaintiff's medical care; and that both of these court orders have not been "honored." Plaintiff contends that as a result of the failure of Defendants to provide him with medical care he is at risk of losing about fifty percent of his "facial and other extremities." Applying a liberal construction to Plaintiff's pro se Complaint the court will assume that Plaintiff alleges that his constitutional rights were violated because he was denied access to medical care for serious medical

needs in violation of § 1983. See McNally v. Pulitzer Pub. Co., 532 F.2d 69, 73 n.3 (8th Cir. 1999) (holding that a liberal construction should be applied to a pro se complaint).

According to the court order submitted by Plaintiff with his Complaint, Judge Ferguson, of the Circuit Court of the City of St. Louis, ordered on October 17, 2005, that Plaintiff "immediately receive medical care, including but not limited to surgery, medication, and transportation" as well as "follow-up appointments for [his] broken jaw." Judge Ferguson noted that Plaintiff had an "appointment for surgery on [October 18, 2005]" and ordered that "transportation [] be provided for surgery as determined appropriate." Subsequently, according to a court order submitted by Plaintiff with his Response to the Motions to Dismiss, on May 18, 2006, Judge Timothy Wilson, of the Circuit Court of the City of St. Louis, noted that Plaintiff "suffers from a broken jaw that causes chronic infections" and that "the City of St. Louis Medium Security Institute failed to comply with a valid court order ... directing [Plaintiff] be transported to Barnes-Jewish Hospital for surgery."[3] Judge Wilson ordered the "City of St. Louis Department of Public Safety to transport [Plaintiff] to Barnes-Jewish Hospital for an evaluation with the proper medical authority"and further ordered "if an evaluation determines that surgery is necessary, ... [that] the St. Louis Department of Public Safety [] arrange for the proper surgical procedure in a timely manner." By Order dated May 25, 2006, Judge Wilson vacated that portion of the May 18, 2006 Order which stated that the City of St. Louis Medium Security Institute failed to comply with the court order of November 17, 2005, directing Petitioner be transported for surgery. [4]

---

[3] The Order of May 18, 2006 states that the previous court order was dated November 17, 2005. As Judge Ferguson's Order is dated October 17, 2005, and as no party refers to an order of November 17, 2005, it appears that the reference to November is a typographical error.

[4] Defendants Stubblefield and Murphy attached the May 25, 2006 Order to their Reply.

Defendants Simon, Stubblefield, Murphy and CMS allege that they cannot be held liable in the matter under consideration based on respondeat superior. Indeed, "a supervisor cannot be held liable for an eighth amendment violation if he or she is neither aware of the conduct nor 'personally involved in the violation.'" Smith v. Clarke, 458 F.3d 720, 723 (8th Cir. 2006) (quoting Melo v. Bachmeier, 302 F.3d 845, 549 (8th Cir. 2002)). Where prison officials contract with outside doctors to furnish medical services the prison officials are not provided "absolute immunity against a prisoner's claim where prison policies are alleged to contribute to the denial of proper medical ... care." Crooks v. Nix, 872 F.2d 800, 803-804 (8th Cir. 1989).

While Judge Ferguson and Judge Wilson's Orders addressing Plaintiff's medical care are addressed to the City of St. Louis Department of Safety and to the City of St. Louis Medium Security Institute, documents and pleadings before this court do not establish whether any of the named Defendants is responsible for compliance with these court orders or for otherwise assuring that Plaintiff receive medical care. Additionally, the documents and pleadings do not establish who among the named Defendants, if any, was aware of the facts giving rise to Plaintiff's cause of action. As such, the court finds that the Motions to Dismiss based on respondeat superior should be denied at this time.

Defendants CMS and Hallazgo also allege that Plaintiff's Complaint should be dismissed because he has failed to state a cause of action against them. As stated above the court has afforded a liberal construction to Plaintiff's Complaint and construes the Complaint to allege that Defendants failed to provide Plaintiff with medical care for his serious medical needs. While the court acknowledges that the failure to comply with a court order and mere negligence do not establish a constitutional violation, Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997), the failure to provide medical care to a prisoner violates the Eighth Amendment when it involves a deliberate

indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 103-106 (1976) (holding that an inadvertent failure to provide adequate medical care and negligence in treating a medical condition do not necessarily present a constitutional violation; in order to establish a cognizable claim for the failure to provide adequate medical care, a prisoner must set forth facts showing that a defendant acted with "deliberate indifference to [the prisoner's] serious medical needs"). "'Serious medical need" has been defined as a medical need which "has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). See also Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999) ("To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs. 'Deliberate indifference may be demonstrated by ... intentionally deny[ing] or delay[ing] access to medical care or intentionally interfer[ing] with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs.") (citations omitted).

Mere delay in an inmates's receiving surgery for a serious medical condition does not establish an Eighth Amendment violation where the inmate cannot establish that the delay adversely affected his prognosis. See Dulany, 132 F.3d at 1243; Roberson, 198 F.3d at 648. Plaintiff must prove that, due to the delay, he was harmed; that the harm done was "objectively, sufficiently serious"; and that "a prison official [was]... deliberately indifferent to the prisoner's condition." Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995) (citing Beyerbach v. Sears, 49 F.3d 1324,1326 (8th Cir. 1995)).

Plaintiff's complaint alleges that he is a prisoner; that he had a serious medical need; that Defendants knew of this need; that Defendants did not attend to this need despite a court order to do so; and that he will suffer harm as a result. Moreover, Plaintiff has submitted court orders which

support his claim that he had a serious medical need and that, at least as of May 18, 2006, he had not received treatment for this need. As such, the court finds that Plaintiff's Complaint sufficiently pleads a cause of action for failure to provide medical care for Plaintiff's serious medical needs and that the Motion to Dismiss based on a failure to state a cause of action should be denied. See Estelle, 429 U.S. at 103-106; Reece, 60 F.3d at 491.

As stated above, the record before this court does not reflect who is responsible for assuring that Plaintiff receive medical care for his serious medical needs. Furthermore, the record as it now stands does not reflect whether, in fact, Plaintiff was evaluated, whether surgery or other treatment was recommended, and the nature and extent of medical treatment which Plaintiff received, if any, for his broken jaw. The court will entertain appropriate motions for summary judgment at such time as the parties provide the court with documentation regarding the facts relevant to a determination of each Defendant's liability. Such documentation should include Plaintiff's medical records reflecting treatment for his broken jaw, transportation orders, Plaintiff's medication records, and any other records reflecting medical care which Plaintiff received in regard to his broken jaw.

## CONCLUSION

For the reasons fully set forth above, the court finds that the Motions to Dismiss filed by Defendants Samuel J. Simon, Eugene Stubblefield, James Murphy, CMS and Unknown Hallazgo should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Dismiss filed by Defendants Samuel J. Simon, Eugene Stubblefield, James Murphy, CMS Medical Services, and Unknown Hallazgo are **DENIED**. Doc. 10, Doc. 22, Doc. 26.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of September, 2006.